## MORIMURA BROS. v. UNITED STATES.

(Circuit Court, S. D. New York. May 21, 1908.)

No. 5,015.

CUSTOMS DUTIES (§ 36*)—CLASSIFICATION—PAPER NAPKINS—"PRINTED MAT-
TER."

The provision for "printed matter" in Tariff Act July 24, 1897, c. 11,
§ 1, Schedule M, par. 403, 30 Stat. 189 (U. S. Comp. St. 1901, p. 1673), does
not include Japanese napkins made of crinkled paper and ornamented
with designs in colors, stenciled, stamped, or printed thereon.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 36.*

For other definitions, see Words and Phrases, vol. 6, pp. 5563, 5564;
vol. 8, p. 7763.]

On Application for Review of a Decision by the Board of United
States General Appraisers.

The decision below, which is reported as G. A. 6,651. (T. D. 28,350),
affirmed the assessment of duty by the collector of customs at the port
of New York. The Board's opinion reads as follows:

FISCHER, General Appraiser. This protest relates to the assessment of
duty under Tariff Act July 24, 1897, c. 11, § 1, Schedule M, par. 407, 30 Stat.
189 (U. S. Comp. St. 1901, p. 1673), as manufactures of paper, on certain nap-
kins made of crinkled crêpe paper and ornamented with designs in colors
stenciled and stamped or printed thereon from blocks of wood. The import-
ers claim that duty should have been properly assessed at the rate of 25 per
cent. ad valorem, as printed matter, under the provisions of paragraph 403
of said act (30 Stat. 189 [U. S. Comp. St. 1901, p. 1673]).

This class of merchandise has been the subject of many decisions of the
Board, all of which have followed previous rulings rendered under Tariff Act
Aug. 27, 1894, c. 349, 28 Stat. 509, and there appears to have been a uniform
customs practice extending back for many years, in returning such articles
as manufactures of paper. The tariff act of 1894 provided a higher rate of
duty on "printed matter" than on "manufactures of paper"; and the import-
ers of paper napkins then claimed that such articles were in fact manufac-
tures of paper, and not the printed matter provided for under the then tariff.
In G. A. 2,863 (T. D. 15,682) they were held to be printed tissue paper; and
in G. A. 3,043 (T. D. 16,019) the Board reversed its previous ruling and sus-
tained the importers in their claim that Japanese napkins were properly duti-
able as manufactures of paper. In the latter case the importers of record
(Morimura Bros.) are the same concern who appear in the case at bar.

In that case the record was quite extensive, and the processes of the man-
ufacture of such paper napkins were dwelt upon at length, and the import-
ers succeeded in establishing their claim that the said napkins were manu-
factures of paper, and not printed matter. The present tariff act provides
a higher rate of duty on manufactures of paper than on printed matter; and
the same firm now appears and, reversing its previous position, seeks to
prove the article to be in fact printed matter. The testimony in the present
case, the samples, and the record before us add no new feature to the issue,
and succeed in no way in convincing us that Japanese paper napkins are less
manufactures of paper than they were under the previous tariff act. These
napkins are completed articles, and adapted for a particular purpose, and to
be used as any other ordinary napkin would be used. The design in colors
printed on such articles is merely decorative, and the article, as an article,
has its usefulness, irrespective of the decorative feature. It thus falls di-
rectly within the ruling of U. S. v. Hensel (C. C.) 152 Fed. 578, T. D. 27,856,
wherein so-called lace-paper tops and doilies, cut or stamped out of sheets
of paper and with printed inscriptions thereon, were held to be in fact man-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ufactures of paper, and not printed matter; the court following and citing the case of Kraut v. U. S. (C. C.) 134 Fed. 701, T. D. 25,829, affirmed 142 Fed. 1037, 71 C. C. A. 684, T. D. 26,946. According to such authority "printed matter," in paragraph 403 of the tariff act of 1897, does not include an article or material on which the printing is a subordinate feature.

This being the case, Japanese paper napkins with designs in colors printed thereon are clearly not included within the provisions for printed matter. That they are is the only claim set up by the importers in their protest; and the same must therefore be overruled, and the decision of the collector affirmed.

Kammerlohr & Duffy (John G. Duffy, of counsel), for importers.
J. Osgood Nichols, Asst. U. S. Atty.

PLATT, District Judge. Decision affirmed.